```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEBRASKA
```

| | |
|---|---|
| YANETH GARCIA,              )<br>                             )<br>            Plaintiff,       )              4:05CV3139<br>                             )<br>     v.                      )<br>                             )<br>MONUMENT MANAGEMENT GROUP,   )              MEMORANDUM AND ORDER<br>                             )<br>            Defendant.       )<br>                             ) | |

Defendant has requested that this case be tried in North Platte, Nebraska.  Plaintiff objects, saying that the defendant failed to request a change in place of trial in its first pleading and therefore has abandoned the chance to request North Platte as place of trial.  Plaintiff further contends that there has been no change in material circumstances warranting a change in place of trial as requested by plaintiff, that is, trial in Lincoln.

Plaintiff's arguments are correct, procedurally.  Defendant did not request place of trial in its "first pleading" as required by NECivR 40.1(b), and further, has not put forward any change in "material circumstances" since that pleading was filed, as permitted in Rule 40.1(b)(3).  However, the substance of the rule is to the effect that the court should determine conflicting requests for place of trial by considering the "convenience of the litigants, witnesses, and counsel."  NECivR 40.1(b)(2).

NEGenR 1.1(c) provides:

> Notwithstanding anything to the contrary, a judge of this court may deviate from these rules or from any other rules or procedures adopted by this court when the interests of justice will be served by such deviation.

>  This rule shall be construed to take precedence over every other rule or procedure.

Applying this rule, I consider the information provided by counsel in their respective filings and the court file.  The plaintiff's complaint alleges that the defendant is a limited liability corporation doing business as Holiday Inn Express Hotel & Suites in Scottsbluff, Nebraska.  Filing 1, Paragraph 5.  That allegation is admitted in the defendant's amended answer.  Filing 6, Paragraph 1.  Defendant's affidavit in support of its request for trial in North Platte states that all the "material witnesses involved in this litigation" reside in Scotts Bluff County, Nebraska, as does defendant's counsel.  Filing 7.  Plaintiff's affidavit in response does not contradict those assertions.  Filing 9.

   IT THEREFORE HEREBY IS ORDERED,

   Trial of this matter shall be held in North Platte, Nebraska, and the case calendared accordingly.

   DATED this 4th day of August, 2005.

                              BY THE COURT:

                              s/ *David L. Piester*
                              David L. Piester
                              United States Magistrate Judge