```
               IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEBRASKA
```

| | | |
|---|---|---|
| YANETH GARCIA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05CV3139 |
| | ) | |
| v. | ) | |
| | ) | |
| MONUMENT MANAGEMENT GROUP, | ) | MEMORANDUM AND ORDER |
| L.L.C. d/b/a HOLIDAY INN | ) | |
| EXPRESS HOTEL & SUITES, | ) | |
| | ) | |
| Defendant. | | |

Defendant has moved for a continuance of trial and for leave to serve written discovery on plaintiff out of time. Defendant claims to have recently discovered new evidence that may disclose that plaintiff is not a citizen or legal resident in the United States, and claims it would have terminated her for this reason if the facts had been known during her employment. Plaintiff opposes the motion, and has apparently agreed that her immigration documents will be produced in the next 21-30 days.

Regarding a continuance, it is true that the trial date currently conflicts with use of the North Platte courtroom by Magistrate Judge Thalken that week. I have agreed with Judge Thalken that if his case does not settle or is not continued, his case will have priority on use of the courtroom. However, the trial term for this case has been set for some time, and the late arrival of new counsel for the defendant does not justify postponing the trial for three months, when another jury will be available in North Platte. In addition, Judge Thalken's case may settle or be continued. In addition, the week prior to August 21, 2006 is currently open on the North Platte calendar. Further, my trial in North Platte the week of August 28 is scheduled to take only three trial days, so if, as stated in plaintiff's opposition brief, the remaining issues on damages can

be tried in two days, there remains time that week to hold this trial.  I shall deny the continuance, but counsel should clear August 31 and September 1, 2006, "just in case."  I shall deny the motion for continuance at this time, subject to reconsideration as the trial date approaches.

   Although defendant argues that its failure to discover the evidence before now is "excusable neglect," thereby allowing the court to grant its request in keeping with the provisions of Fed. R. Civ. P. 6(b)(2), defendant has not supported its argument with any evidence demonstrating its neglect, excusable or inexcusable.  In fact, there is no evidence at all describing the after-acquired evidence, how it was discovered, why it wasn't discovered earlier, or its possible effect on the issues in this case.  Moreover, the motion is tantamount to a motion for leave to amend its amended answer to raise this defense.

   Allowing defendant to use after-acquired evidence to limit the plaintiff's damages would be appropriate only if "the wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone if the employer had known of it at the time of the discharge." McKennon v. Nashville Banner Publ'g Co., 513 U.S. 352, 363 (1995).  After-acquired evidence that an employee misrepresented her qualifications in a job application or resume does not bar the employee's discrimination claim.  See, Sheehan v. Donlen Corp., 173 F.3d 1039, 1047-48 (7th Cir.1999); Wallace v. Dunn Constr. Co., Inc., 62 F.3d 374, 379 (11th Cir.1995); Waag v. Thomas Pontiac, Buick, GMC, Inc., 930 F.Supp. 393, 408 - 409 (1996).  Defendant argues, however, that if plaintiff was not in fact legally eligible to work in the United States, the Immigration Reform and Control Act

2

of 1986, 8 U.S.C. § 1324a(b)(C), foreclose an award of back pay and reinstatement.  <u>Hoffman Plastic Compounds, Inc. v. NLRB</u>, 535 U.S. 137 (2002).  That may be true, particularly if the plaintiff has not subsequently received documentation to work in the United States legally.  <u>See</u>, <u>Escobar v. Spartan Security Service</u>, 281 F.Supp. 2d 895 (S. D. Tex. 2003) (Plaintiff's Title VII claim for back pay dismissed but claim for reinstatement or other remedies was not foreclosed by <u>Hoffman</u> because plaintiff subsequently gained legal status).

   Without a record, this court cannot speculate on the plaintiff's immigration status or its effects.  To gain some facts about the situation, I shall allow the written discovery to be served and require prompt responses.

   IT THEREFORE HEREBY IS ORDERED:

   1.  The defendant's motion for continuance of trial, filing 58, is denied.

   2.  The defendant's motion for leave to serve written discovery, filing 58, is granted, and the discovery may be served forthwith.  Plaintiff's responses to the discovery requests shall be served within <u>fifteen</u> days of service.

   DATED this 9th day of June, 2006.

                                 BY THE COURT:

                                 s/ *David L. Piester*
                                 David L. Piester
                                 United States Magistrate Judge